**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LAZARO AGUILAR,

     Plaintiff - Appellant,

v.

COLORADO STATE PENITENTIARY;
SAINT THOMAS MORE HOSPITAL,

     Defendants - Appellees.

No. 16-1135
(D.C. No. 1:15-CV-01481-LTB)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Lazaro Aguilar, a prisoner currently in state custody and proceeding pro se,

appeals the district court's dismissal of his complaint as frivolous. Mr. Aguilar

sought relief under 42 U.S.C. § 1983 for Eighth Amendment violations founded on

the defendants' failure to provide him with proper medical care. The district court

dismissed Mr. Aguilar's complaint as frivolous, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This action arises out of the allegedly deficient medical care Mr. Aguilar received between October 2014 and June 2015 while incarcerated in the Colorado State Penitentiary (CSP).[1] Mr. Aguilar alleged that CSP violated his Eighth Amendment right to be free from cruel and unusual punishments by providing inadequate medical care consisting of, among other things, an improper tooth extraction and other dental care, unreasonable delay in seeing an optometrist, and a failure to treat various injuries. In addition, Mr. Aguilar alleged that a CSP nurse referred him to Saint Thomas More Hospital, a private nonprofit hospital operated by Catholic Health Initiatives Colorado (referred to collectively as STMH), for a CT scan that STMH never performed. Mr. Aguilar contended STMH's failure to perform this CT scan violated the Eighth Amendment. Mr. Aguilar sought $10,000,000 in damages from each defendant. The district court sua sponte dismissed Mr. Aguilar's claims as legally frivolous under 28 U.S.C § 1915(e)(2)(B)(i), and Mr. Aguilar timely appealed.

We generally review the dismissal of a claim as frivolous for an abuse of discretion. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). But where the frivolousness determination turns on an issue of law, we review that determination de novo. *Id.* A claim is frivolous under § 1915(e) when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] The district court allowed Mr. Aguilar multiple opportunities to remedy various deficiencies in his original and first amended complaints. Mr. Aguilar's Second Amended Complaint is the operative complaint in this matter.

2

With respect to Mr. Aguilar's claim against CSP, the district court concluded that CSP "is not a separate entity apart from" the Colorado Department of Corrections (CDOC), "which is a state agency and is entitled to Eleventh Amendment immunity." Whether an entity enjoys Eleventh Amendment immunity is a legal issue that we review de novo. *Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015). Eleventh Amendment immunity extends to a state and its agencies but not to counties, municipalities, or other political subdivisions of the state. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (explaining that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The CDOC is an "arm" or "instrumentality" of the State of Colorado, rather than a political subdivision of the state, and it therefore enjoys immunity from suit under the Eleventh Amendment unless that immunity is waived. *Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988) (per curiam) (noting the "undeniable application" of Eleventh Amendment immunity to the "State of Colorado and its department of corrections"). Mr. Aguilar's claim against CSP is therefore barred by Eleventh Amendment immunity absent a waiver. Where "it [is] clear from the face of the complaint that the defendant [is] absolutely immune from suit and no further factual development [is] required," the district court may properly dismiss a claim sua sponte as frivolous. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2011). We conclude the district court here properly dismissed Mr. Aguilar's claim against CSP as frivolous.

3

Turning to Mr. Aguilar's claim against STMH, the district court dismissed this claim because Mr. Aguilar failed to allege "any official policy or custom of STMH that was responsible for the alleged constitutional violation." "The legal sufficiency of a complaint is a question of law" that we review de novo. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In reviewing the legal sufficiency of a complaint, we accept all well-pleaded factual allegations as true. *See id.* at 1097–98.

To state a claim for relief in an action brought under § 1983, a plaintiff must establish both the deprivation of a constitutional or federal right, and that the deprivation was committed "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks omitted). Where the defendant to a § 1983 action is not a state entity, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

Like the district court, however, we find it unnecessary to analyze whether or not STMH was engaged in state action when it allegedly committed a constitutional violation, because Mr. Aguilar has failed to allege the existence of a policy or custom of STMH that led to the constitutional violation. A private entity acting under color of state law "cannot be held liable *solely* because it employs a tortfeasor." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. Dep't of*

4

*Social Servs.*, 436 U.S. 658, 691 (1978)). Rather, to hold the entity liable, the plaintiff must identify an official policy or a custom that is the "direct cause" or "moving force" behind the constitutional violations. *Id.* at 1215 (internal quotation marks omitted). Mr. Aguilar's complaint contains no allegations from which it could be inferred that STMH had a policy or custom that was the direct cause of Mr. Aguilar's failure to receive a CT scan. Accordingly, STMH cannot be held liable for the alleged constitutional violation.

Moreover, the district court identified the deficiency in Mr. Aguilar's complaint and directed him to remedy it by "alleg[ing] specific facts that demonstrate he suffered an injury caused by an official policy or custom of STMH." But Mr. Aguilar failed to include any such allegations in his Second Amended Complaint. As a result, his claim against STMH "lacks an arguable basis either in law or in fact," and we cannot say the district court abused its discretion by dismissing it as frivolous.[2] *Neitzke*, 490 U.S. at 325.

Finally, Mr. Aguilar's arguments on appeal do not meaningfully address the deficiencies that led to the district court's dismissal of his complaint. He raises no argument that CSP does not enjoy immunity or has waived it, and he identifies no

---

[2] Mr. Aguilar also challenges the district court's denial of his request for a court-appointed guardian ad litem. But the district court is obligated to appoint a guardian ad litem only "to protect a minor or incompetent person who is unrepresented." Fed. R. Civ. P. 17(c)(2). Mr. Aguilar has neither presented any "verifiable evidence" of incompetence nor otherwise demonstrated that he is incompetent to pursue his claims. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201–03 (2d Cir. 2003). We thus cannot say the district court erred in denying his request for a guardian ad litem.

5

allegations or other facts in the record that could support an inference that STMH had a custom or policy that caused the alleged constitutional violation. Accordingly, we conclude that Mr. Aguilar's appeal in this matter is frivolous. For that reason, we deny his request to proceed in forma pauperis on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (noting that an appellant seeking leave to proceed in forma pauperis must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

We affirm the district court's dismissal of Mr. Aguilar's complaint as frivolous. We also conclude Mr. Aguilar's appeal in this matter is frivolous, and we therefore assess a strike under 28 U.S.C § 1915(g). We deny Mr. Aguilar's request to proceed in forma pauperis and advise him that he is responsible for the immediate payment of the unpaid balance of his appellate filing fee.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

6